1
2
3
4

SEYFARTH SHAW LLP
Joshua A. Rodine (SBN 237774)
jrodine@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

5
6
7
8

SEYFARTH SHAW LLP
Adam C. Hackett (SBN 220679)
ahackett@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

9
10

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

11

12

UNITED STATES DISTRICT COURT

13

CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| TEODORO LOPEZ,<br><br>       Plaintiff,<br><br>   v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 to 100, inclusive,<br><br>       Defendants. | Case No.<br><br>(Los Angeles County Superior Court, Case No. 25STCV33841)<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441]**<br><br>Complaint Filed:   November 19, 2025<br>Trial Date:            None |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF REMOVAL

To the United States District Court for the Central District of California and to Plaintiff and his attorneys of record:

Please take notice that Defendant Lowe's Home Centers, LLC ("Defendant" or "Lowe's") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a)-(b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

## I.   BACKGROUND

1.    On November 19, 2025, Plaintiff Teodoro Lopez ("Plaintiff"), an individual, filed an unverified Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Teodoro Lopez v. Lowe's Home Centers, LLC, and DOES 1-100, Inclusive*, designated as Case No. 25STCV33841. In the Complaint, Plaintiff asserts five causes of action: (1)  Perceived and/or Physical Disability Discrimination, Harassment and Retaliation in violation of California Government Code §§ 12940, *et seq.* ("FEHA"); (2) Discrimination, Harassment and Retaliation in Violation of California Government Code §§ 12945.2, *et seq*. ("CFRA"); (3) Perceived and/or Age Discrimination, Harassment and Retaliation in Violation of FEHA (4) Wrongful Termination in Violation of Public Policy; and (5) Declaratory Relief.

2.    On December 4, 2025, Plaintiff served Defendant with the Summons; Complaint; Notice of Case Assignment – Unlimited Civil Case; and Alternative Dispute Resolution (ADR) Information Package through Defendant's registered agent for service of process. True and correct copies of the foregoing documents served on Defendant are attached as **Exhibit A** to the Declaration of Adam C. Hackett ["Hackett Dec."].

2.    On January 5, 2025, Defendant filed its Answer to the Complaint in the Los Angeles County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit B** to the Hackett Dec.

322442303v.3

1
2
3
4
5

     3.     **Exhibits A** and **B** constitute all of the pleadings served on Defendant or filed by Defendant in the state court action prior to filing this Notice of Removal. (Hackett Dec. ¶ 5.) Other than the Case Management Conference scheduled for March 4, 2026, in Department 15 of the Los Angeles County Superior Court, there are no other hearings currently scheduled in the state court action. (*Id.*)

6

## II.    <u>TIMELINESS OF REMOVAL</u>

7
8
9
10
11
12

     4.     This notice of removal is timely as it is filed less than one year from the date this action was commenced, and within thirty days of the service of the Summons and Complaint upon Lowe's Home Centers, LLC, the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Hackett Dec. ¶ 3; **Exhibit A**.)

13

## III.    <u>JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP</u>

14
15
16
17

     5.     The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a), as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

18
19
20
21
22
23
24
25

     6.     **Plaintiff's Citizenship.** "An individual is a citizen of the state in which []he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

26
27
28

     7.     At the time Plaintiff filed this civil action, Plaintiff was a citizen and resident of the State of California, residing in Los Angeles County. (Compl. ¶ 1.) Therefore, Plaintiff is a citizen of California. Additionally, based on review of Plaintiff's personnel

3

322442303v.3

1 records relating to Plaintiff while he was employed by Lowe's, Plaintiff's home address
2 was within the State of California, and he worked at Lowe's within the state of
3 California. (Declaration of Grace Ridley ["Ridley Dec."] ¶¶ 3-5.) There are no documents
4 in Plaintiff's personnel file to suggest in any way that he is currently, or during the
5 periods of his employment was, a resident, or citizen, of any state other than California.
6 (*Id.*)

7        8.    **Defendant Lowe's Citizenship.** In a removal, a limited liability company is
8 treated as a partnership for purposes of diversity, and citizenship depends on the
9 citizenship of its members. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894,
10 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which it has
11 been incorporated and of any state where it has its principal place of business. 28 U.S.C.
12 § 1332(c)(1). The "principal place of business" for the purpose of determining diversity
13 subject matter jurisdiction refers to "the place where a corporation's officers direct,
14 control, and coordinate the corporation's activities .… [I]n practice it should normally be
15 the place where the corporation maintains its headquarters-provided that the headquarters
16 is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not
17 simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v.*
18 *Friend*, 559 U.S. 77, 92-93 (2010).

19        9.    Defendant Lowe's Home Centers, LLC's sole member is Lowe's
20 Companies, Inc. (Ridley Dec. ¶ 6.)

21       10.    Lowe's Companies, Inc. is and was at the time the civil action was instituted
22 a corporation organized under the laws of North Carolina. (Ridley Dec. ¶ 7.)

23       11.    Furthermore, Lowe's Companies, Inc.'s headquarters—where its high-level
24 officers direct, control, and coordinate the corporation's activities—is located in North
25 Carolina. (Ridley Dec. ¶ 7.) Thus, Lowe's Companies, Inc. is a citizen of North Carolina.

26       12.    Accordingly, because Lowe's Companies, Inc. is a citizen of North Carolina,
27 Defendant is a citizen of the State of North Carolina, not California. Therefore, the
28 requisite diversity of citizenship exists. 28 U.S.C. § 1332(c)(1).

DEFENDANT'S NOTICE OF REMOVAL TO USDC

322442303v.3

13.     Furthermore, in compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id*.

14.     **Amount in Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

15.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Furthermore, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*

16.     As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

17.    In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorney's fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorney's fees and punitive damages).

18.    The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

19.    **Compensatory Damages.** In his Complaint, Plaintiff seeks to recover compensatory damages including loss of earnings and future earning capacity, as well as

6

medical and related expenses for care and procedures now and in the future. (Compl. ¶¶ 29, 43, 75, 87; Prayer for Relief, Nos. 2-4.) Plaintiff also alleges he has been forced to incur expenses for medical care, X-rays, and laboratory costs, which expenses he will be forced to incur in the future. (Compl. ¶ 31. 45, 77, 89; Prayer For Relief, No. 2.)

20.    Plaintiff's Complaint asserts claims under FEHA and CFRA (Compl. ¶¶ 1-82), which provide that a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

21.    Lowe's records indicate that Plaintiff was hired on or about February 14, 2008, and his employment ended on or about January 13, 2025. (Ridley Dec. ¶ 3.) While his hours varied, Plaintiff generally worked approximately forty hours per week at Lowe's, making $25.20 per hour. (Ridley Dec. ¶ 4.) Conservatively estimating an April 2027 trial date (fifteen months after Plaintiff's last date of employment), Plaintiff's lost wages claim alone would amount to approximately $60,480.00.[1]

22.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *E.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

---

[1] $1,008.00 per week x fifteen months.

DEFENDANT'S NOTICE OF REMOVAL TO USDC

322442303v.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23.    An award of two years of front pay would entitle Plaintiff to more than $96,768.00 in additional recovery.[2] *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed $157,248.00.

24.    **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 30, 33, 44, 47, 76, 79, 88, 91; Prayer For Relief, No. 1.) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the court stated that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

25.    In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *E.g.*, *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering awards of $250,000, $250,000, $250,000, and

---

[2] $4,032.00 per month x 24 months.

$250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp*., 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp*., No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

26.    **Attorney's Fees.** Plaintiff claims statutory entitlement to attorney's fees. (Compl. ¶¶ 36, 50, 82, 94, 101; Prayer For Relief, Nos. 5, 6, 8.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA and CFRA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ*., 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts two FEHA claims and one CFRA claim against Defendant in the Complaint. (Compl. First to Third Causes of Action.)

27.    Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Hackett Dec. ¶ 6.) Here, if Plaintiff prevails, he could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, courts have awarded attorney's fees in excess of $75,000 in cases involving discrimination. *E.g.*, *Crawford v. DIRECTV, Inc*., No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee

9

award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including discrimination case).

28.    **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl. ¶¶ 35, 49, 81, 93; Prayer For Relief, No. 10.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

29.    Courts have affirmed jury verdicts exceeding $1M in punitive damages in alleged disability discrimination cases. *E.g.*, *Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9M equal to the compensatory damage award was appropriate in disability case).

30.    In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages, such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

31.    Because diversity of citizenship exists between Plaintiff and Lowe's, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

322442303v.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    VENUE

32.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Los Angeles. The action arose in the County of Los Angeles because the facility where Plaintiff worked is in California in Los Angeles County. (Compl., Exhibit A.) Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.    NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

33.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VI.    PRAYER FOR REMOVAL

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: January 5, 2026                SEYFARTH SHAW LLP


By:  */s/ Adam C. Hackett*
          Adam C. Hackett
          Attorney for Defendant,
          LOWES HOME CENTERS, LLC

DEFENDANT'S NOTICE OF REMOVAL TO USDC

322442303v.3